**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

**SUMMERÉ ANDARY,**

**Plaintiff,**

**v.** **CIVIL ACTION NO.:**

**TRASCA & CO, INC.**
**d/b/a TRASCA & CO EATERY,**

**and**

**SARA FRASCA ALBERT, Individually,**

**Defendants.**
______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff Summeré Andary ("Plaintiff" or "Ms. Andary"), by and through the undersigned counsel, and hereby brings this Complaint against Defendant Trasca & Co, Inc. d/b/a Trasca & Co Eatery ("Trasca") and Defendant Sara Frasca Albert, Individually ("Albert") (collectively, "Defendants"), and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Ms. Andary is an adult female citizen of the State of Florida and a resident of Duval County, Florida.

2. Defendant Trasca is a Florida for-profit corporation organized and existing under the laws of Florida with its principal place of business located in St. Johns County, Florida.

3. Defendant Frasca Albert is an adult female citizen of the State of Florida and a resident of St. Johns County, Florida.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and the Fair Labor Standards Act ("FLSA").

5. At all times relevant to this action, Defendant Trasca was Ms. Andary's employer as that term is defined by 29 U.S.C. § 203(d).

6. Defendant Trasca engages in commerce as defined by 29 U.S.C. § 203(b)

7. Defendant Trasca operates as an enterprise or enterprise engaged in commerce covered by the FLSA, and as defined by 29 U.S.C. § 203(r), (s).

8. At all times relevant to this action, Defendant Trasca engaged in providing restaurant and food services to its customers. As part of these services, Defendant Trasca employees, including Ms. Andary, regularly handled, sold, or worked on goods or materials that have been moved in or produced for commerce through interstate means. Such goods or materials include food, beverages, cups, plates, silverware, kitchen tools and equipment, and/or office supplies.

9. At all times relevant to this action, Defendant Trasca employees routinely ordered materials or supplies such as food service products, food preparation tools and equipment, and office supplies and equipment from out-of-state vendors.

10. Additionally, Defendant Trasca's business regularly involves

Defendant Trasca's employees engaging in interstate phone, electronic, and U.S. mail communications with its vendors and suppliers.

11. Defendant Trasca has annual gross volume of sales made or business done of not less than $500,000.00, and employs two or more employees.

12. Ms. Andary also individually engaged in commerce as defined by 29 U.S.C. § 206(a) as she regularly accepted payments from customers using credit cards issued by out of state financial institutions, and worked in a restaurant that served customers who traveled from out-of-state destinations.

13. Defendant Frasca Albert is Defendant Trasca's President and primary owner.

14. At all times relevant to this action, Defendant Frasca Albert exercised day-to-day operational control of Defendant Trasca's functions, including but not limited to, hiring and firing employees, disciplining employees, determining pay rates, pay structures, and compensation of employees, and controlling the daily finances and operations of the business.

15. As such, Defendant Frasca Albert is an employer as defined by 29 U.S.C. § 203(d).

16. The allegations of this Complaint involve acts and occurrences while Ms. Andary was employed by Defendants in Ponte Vedra Beach, Florida. Venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

17. Ms. Andary was employed by Defendants as a restaurant server from approximately October 23, 2025 to January 2, 2026.

18. As Defendants' server, Ms. Andary's duties and responsibilities included, for example, serving food and beverages to customers, communicating menu products with customers, taking orders from customers, and processing customer payments.

19. At all times relevant to this action, Ms. Andary performed her duties and responsibilities in a competent and satisfactory manner.

20. As part of her server duties, Ms. Andary regularly received tips as gratuities from customers she serviced.

21. The amount of tips Ms. Andary received from her customers regularly exceeded $30 per month, thus rendering Ms. Andary a "tipped employee" pursuant to the FLSA.

22. Ms. Andary was regularly paid at below the standard applicable minimum wage as Defendants utilized a tip credit to pay Ms. Andary and some of its other employees.

23. However, Defendants failed to allow their employees who received tips, including Ms. Andary, to keep the tips they directly received from their customers.

24. Defendants implemented and maintained a tip pool where Ms.

Andary's tips, as well as the tips of other servers, bartenders, bussers, and hostesses were required to be collected into a pool which was retained by Defendants.

25. Defendants operated an illegal tip pool by withholding a portion of the tips from the tip pool and retained the tips for Defendants' benefit.

26. Although Defendants redistributed a portion of the tips collected for the tip pool back to Ms. Andary and other tipped employees, they retained other tips to pay managers and for other purposes.

27. Defendants' managers did not primarily and regularly perform tipped service functions and should not have been allowed to share in the tip pool.

28. Specifically, Defendants' general manager was paid through the tip pool, and she did not perform tipped service functions as part of her duties and responsibilities.

29. Defendants also retained a portion of the tips collected for the tip pool to pay other non-tipped employees which included, for example, cooks, dishwashers, and other "back-of-the-house" employees who had no direct interaction with Defendants' customers and who would not customarily receive tips.

30. Less than two weeks after Ms. Andary began working for Defendants, she questioned the legality of the tip pool with Defendants' general manager due

to the tip pool requiring non-tipped employees to be included as beneficiaries of the tip pool.

31. Soon after this, Defendants' Chief Operating Officer, James Cracolici, sent a group message to all employees explaining the tip pool, but not otherwise addressing Ms. Andary's concerns about managers and non-tipped employees being allowed to receive distributions from the tip pool.

32. On or about December 16, 2025, Ms. Andary again contacted Mr. Cracolici and expressed her understanding that federal and state laws, including the FLSA, prohibit management and "back-of-the-house" employees from being included in a tip pool. Ms. Andary further asked for clarification as to how Defendants were complying with these laws.

33. Mr. Cracolici responded on December 17, 2025, that a review would be made of the tip and wage structure and that any necessary updates would be made.

34. Later that month, Ms. Andary again asked Mr. Cracolici about the legality of the tip pool and was told Defendants had not been able to contact their legal team about it yet.

35. On or about January 2, 2026, Defendant Frasca Albert called Ms. Andary and initially discussed with Ms. Andary Defendants' customer discount policy. After discussing that issue, Defendant Frasca Albert asked if Ms. Andary had any additional questions, to which Ms. Andary again raised her objection to

the tip pool and requested clarification as to how Defendants' tip pool complied with the law. Defendant Frasca Albert said she spoke with her lawyers, who assured her that Defendants were in compliance with the law. Ms. Andary asked for a written explanation as she did not believe the tip pool was legal. Defendant Frasca Albert became furious and told Ms. Andary she did not have to respond to Ms. Andary's concerns and that Ms. Andary had no right to raise the tip pool issue with her. Defendant Frasca Albert then immediately notified Ms. Andary that her employment was terminated as Defendant Frasca Albert did not feel comfortable with an employee questioning the legality of her business.

36. Defendants acted willfully by failing to pay Ms. Andary all tips she was owed and all legally required minimum wage compensation, in accordance with the law.

37. Ms. Andary has suffered and continues to suffer damages as a result of Defendants' unlawful acts and omissions.

38. All conditions precedent and exhaustion of administrative remedies, if any, to this action have been satisfied or waived, and this action is timely filed.

## COUNT I

## Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.-Tip Pool Violation

39. Ms. Andary restates and realleges each and every factual allegation contained in paragraphs 1 through 38 of this Complaint with the same force and

vigor as if set out here in full.

40. Defendants violated the FLSA provisions of 29 U.S.C. § 203(m) by requiring Ms. Andary to contribute to an unlawful tip pool and retaining a portion of Ms. Andary's tips for unlawful purposes.

41. Ms. Andary was entitled to receive payment of all tips she earned pursuant to her employment with Defendants.

42. Defendants violated the FLSA by retaining and using tip pool funds for their own benefit, including among other things, the distribution of tip pool funds to Defendants' managers.

43. Defendants also failed to pay Ms. Andary the full minimum wages earned for each workweek by compensating Ms. Andary pursuant to a tip credit that violated the FLSA provisions of 29 U.S.C. § 203(m).

44. Defendants violated the FLSA tip credit provision by distributing tip pool funds to employees who do not customarily and regularly receive tips.

45. Defendants' failure to pay Ms. Andary all earned tips and minimum wage compensation owed was willful, and therefore Ms. Andary is entitled to liquidated damages pursuant to 29 U.S.C. § 216.

46. As a direct and proximate result of Defendants' deliberate underpayment of wages, Ms. Andary has been damaged in the loss of tip compensation and minimum wage compensation during her employment with Defendants.

47. Ms. Andary has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendants are liable pursuant to the statutory provisions under 29 U.S.C. § 216.

**WHEREFORE,** Plaintiff Summeré Andary demands judgment against Defendants, jointly and severally, for the payment of misappropriated tips and requiring Defendants to disgorge all tips misappropriated, the payment of all hours worked at a rate not less than the applicable minimum wage, back pay, liquidated damages, or if liquidated damages are not awarded, then pre-judgment interest and post-judgment interest at the highest allowable rate, attorney's fees and costs pursuant to 29 U.S.C. § 216, and any other relief this Court deems just and proper.

## COUNT II

## Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)-Retaliation

48. Ms. Andary restates and realleges each and every factual allegation contained in paragraphs 1 through 38 of this Complaint with the same force and vigor as if set out here in full.

49. Defendants unlawfully retaliated against Ms. Andary by, among other things, terminating her employment in violation of 29 U.S.C. § 215(a)(3).

50. Ms. Andary engaged in FLSA protected activity by complaining

about, and objecting to, Defendants' tip pool violations.

51. Ms. Andary's protected activity was pursuant to her reasonable and good faith belief that tip pool violations under the FLSA had occurred, and she was entitled to protection.

52. Defendants were aware of Ms. Andary's protected activity constituting her complaints and objections to the tip pool violations pursuant to the FLSA.

53. Defendants subjected Ms. Andary to materially adverse employment action, to wit: discharge from employment, because of Ms. Andary's protected activity.

54. The acts and omissions committed by Defendants were willful, and therefore Ms. Andary is entitled to liquidated damages pursuant to 29 U.S.C. § 216.

55. As a direct and proximate result of Defendants' unlawful retaliation, Ms. Andary has suffered and will continue to suffer: lost wages in the form of lost back pay and lost front pay, lost benefits and entitlements, loss of earning capacity, damage to her career and reputation, personal humiliation, mental anguish, emotional distress, and loss of enjoyment of life.

56. Ms. Andary has retained the services of The Law Office of Shands M. Wulbern, P.A., and has promised to pay said law firm reasonable attorney's fees and costs for which Defendants are liable pursuant to the statutory

provisions under 29 U.S.C. § 216.

**WHEREFORE,** Plaintiff Summeré Andary demands judgment against Defendants, jointly and severally, for damages including but not limited to lost back pay, lost front pay, lost benefits, loss of earning capacity, and any other lost economic damages; non-economic damages including mental and emotional distress, pain and suffering, damage to career and reputation, personal humiliation, loss of dignity, and loss of enjoyment of life; liquidated damages; reinstatement; attorneys' fees and costs under 29 U.S.C. § 216; prejudgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Summeré Andary demands trial by jury with respect to all issues, counts, claims, controversies and damages so triable.

Dated: February 2, 2026.

Respectfully submitted,

The Law Office of Shands M. Wulbern, P.A.

By:*/s/ Shands M. Wulbern*
Shands M. Wulbern
LEAD COUNSEL
Florida Bar No. 0155217
2950 Halcyon Lane, Suite 505
Jacksonville, Florida 32223
(904) 570-9233
swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*